PAULA KOHLHAPP
18622 Marcy Street
Elkhorn, NE 68022
(402) 680-5777
kohlhapp@cox.net
Pro Se Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2024 NOV -8 AM 10: 54

OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAULA KOHLHAPP,<br><br>     Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY<br><br>     Defendant. | Civil Action No.:  **8:24CV434**<br><br>COMPLAINT FOR REVIEW<br>OF MERIT SYSTEMS<br>PROTECTION BOARD<br>DECISION<br><br>Jury Trial Demanded |

### COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, pro se, alleges as follows:

### I. INTRODUCTION

1. This is an action seeking judicial review of a final decision by the Merit Systems Protection Board ("MSPB") affirming the removal of Plaintiff from her position with the Department of Homeland Security ("DHS"). Plaintiff contends that the MSPB's decision was erroneous, as it was based on incorrect findings of fact, misapplication of law, and failed to properly consider her affirmative defenses of whistleblower retaliation and reprisal for prior Equal Employment Opportunity ("EEO") activity.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 7703(b)(2), as

Plaintiff seeks review of an MSPB decision involving claims of discrimination and retaliation prohibited under 5 U.S.C. § 2302(b)(1) and (b)(8).

3. Venue is proper in the District of Nebraska under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this judicial district, and the events giving rise to this action occurred within this district.

## III. PARTIES

4. Plaintiff, Paula Kohlhapp, is a resident of Elkhorn, Nebraska. At all relevant times, she was employed by DHS as a Supervisory Immigration Services Officer at the Nebraska Service Center.

5. Defendant, Department of Homeland Security, is a federal agency of the United States government.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff was employed by DHS as a Supervisory Immigration Services Officer, GS-1801-13, at the Nebraska Service Center.

7. On February 14, 2020, DHS proposed Plaintiff's removal based on two charges: (1) failure to follow instructions, with two specifications; and (2) lack of candor, with one specification.

8. Specifically, DHS alleged that Plaintiff forwarded emails marked "for the management team only" to non-management employees and lacked candor during an investigation by denying such conduct.

9. After Plaintiff submitted a written reply, the deciding official sustained the second specification of the first charge and the lack of candor charge, resulting in her removal effective March 25, 2019.

10. Plaintiff timely appealed her removal to the MSPB, asserting that DHS failed to prove the charges, and raised affirmative defenses of whistleblower retaliation

and reprisal for prior EEO activity.

11. An Administrative Judge ("AJ") affirmed DHS's removal action, sustaining both charges and finding that Plaintiff failed to establish her affirmative defenses.

12. Plaintiff filed a Petition for Review with the MSPB, arguing that the AJ erred in sustaining the charges and in the analysis of her affirmative defenses, and contending that the penalty of removal was unreasonable.

13. On October 11, 2024, the MSPB issued a Final Order denying Plaintiff's Petition for Review and affirming the initial decision.

14. The allegations against Plaintiff were false and were because of her prior protected EEO activity and whistleblower retaliation.

## V. CAUSES OF ACTION

## COUNT I – WRONGFUL REMOVAL

15. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 13.

16. The MSPB's decision affirming Plaintiff's removal was arbitrary, capricious, an abuse of discretion, and not in accordance with law, as required under 5 U.S.C. § 7703(c).

17. The MSPB erred in sustaining the charge of failure to follow instructions, as DHS failed to prove that Plaintiff was given proper instructions or that she intentionally failed to follow them.

18. The MSPB erred in sustaining the lack of candor charge, as there was no evidence that Plaintiff knowingly provided incorrect or incomplete information during the investigation.

19. The MSPB improperly relied on erroneous findings of material fact and misapplied the law to the facts of the case.

20. The penalty of removal was unreasonable and not within the tolerable limits of

3

reasonableness under the circumstances.

## COUNT II: WHISTLEBLOWER RETALIATION (5 U.S.C. § 2302(b)(8))

21. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 14.

22. Plaintiff made protected disclosures regarding alleged fraud, mismanagement, nepotism, and a hostile work environment within DHS to the Office of Inspector General, Office of Special Counsel, and DHS's Office of Security and Integrity.

23. These disclosures were contributing factors in DHS's decision to remove Plaintiff from her position.

24. The MSPB erred in concluding that DHS proved by clear and convincing evidence that it would have taken the same action absent Plaintiff's protected disclosures.

25. The MSPB failed to properly consider the evidence of retaliatory motive and the lack of comparator evidence under the Carr factors.

26. DHS's removal of Plaintiff was in violation of 5 U.S.C. § 2302(b)(8), which prohibits retaliation against employees for making protected disclosures.

## COUNT III – REPRISAL FOR PRIOR EEO ACTIVITY (TITLE VII)

27. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 14.

28. Plaintiff engaged in prior EEO activity by filing complaints alleging disability discrimination and harassment against DHS officials.

29. DHS was aware of Plaintiff's prior EEO activity at the time of her removal.

30. DHS's decision to remove Plaintiff was motivated, at least in part, by reprisal for her prior EEO activity.

4

31. The MSPB erred in applying the incorrect legal standard to Plaintiff's EEO reprisal claim and failed to recognize that retaliation was a motivating factor in DHS's decision.

32. DHS's removal of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964, as amended, which prohibits retaliation against employees for engaging in protected EEO activity.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Reverse the MSPB's final decision affirming DHS's removal of Plaintiff;

B. Order DHS to reinstate Plaintiff to her former position with full back pay, benefits, and restoration of all rights and privileges;

C. Award Plaintiff compensatory damages for lost wages, benefits, and other economic losses incurred as a result of the wrongful removal;

D. Award Plaintiff compensatory damages for emotional distress and mental anguish resulting from DHS's unlawful actions;

E. Award Plaintiff reasonable attorney's fees and costs incurred in this action;

F.   Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 8 day of November, 2024,

PAULA KOHLHAPP
18622 Marcy Street
Elkhorn, NE 68022

(402) 680-5777
kohlhapp@cox.net
Pro Se Plaintiff

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kohlhapp, Paula

**DEFENDANTS**

Department of Homeland Security

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Wrongful Removal, Whistleblower Retaliation, Title VII

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____ DOCKET NUMBER _____

DATE
November 6, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.